The opinion of the Court was delivered by
Munro, J.
That a neighborhood road, or private path as ways of this sort are strangly denominated in our early legislation, is within the provisions of the Act of 1855 cannot be doubted: for, in the case of the State vs. Pettis, (7-Eich. 390,) which was decided the previous year (1854), it was held, that the owner of the land burdened with a similar easement, might acquire a prescriptive right to erect a gate across the road, provided it could be opened and shut at pleasure — so that the object of the Legislature in passing the Act in question, was manifestly to confer upon the owner of the land a similar right, by direct grant. The defence relied on however, is, that in the partition of an estate in which the defendant’s father had an interest, and prior to the erection of the gate in question, the Commissioners appointed to make partition thereof, had allotted to the latter, a private right of way over this very road; consequently the erection of the gate by the prosecutor Knotts, was in derogation of such right, and unauthorized by the Act of 1855.
How a private right of way, a right which one individual has to pass over the land of another, can exist in that which is common to the whole 'community, is a proposition not easily comprehended: for the above cited case of the State vs. .Pettis, to say nothing of others, is sufficient to show, that the public at large, have as much right to the use of a private *532 path as they have to the pse of any of the public highways under the eontrol of the Commissioners of Roads.
That the road which leads from the defendant’s father’s mill, to where it intersects the road in question, is a private way, may readily be conceded: but it is only at the point of intersection with the road in question, that its character as a private way commences; and the attempt of the Commissioners to allot to him a private right of way, over the highway in question, could no more affect the character of the latter, than if they*had attempted to allot to him a private right of way over any of the public highways of the country.
The motion is therefore dismissed.
O’Neall Wardlaw, Withers, WhitNer and Glover, JJ., concurred.

Motion dismissed.